Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ALLSTAR_PLACE, AMGARI66, AT-BENADO, AYESMADUSANK_0, BABY_HOME29, BARDUGO007, BINARA_ONLINESTORE, BLOOMSTORE-24, BUSY-SALES-4U, CENGANMEN663, CHANIZSHOP, CIGOLTFOS_HOLDING, CITY_CEYLON, D_WHITE_STORE, DINU_SUPPLIERS, DREAMSTORE-3, ECTREND984, ELOUKILI_STORE, ENTERSHOP1320, ERANGAONLINEMART98, FENFATUQIANG7788, GAMAGEE-SHOP, HNIA22, ISURU2009, KETTY_LAVI, KNICKKNACK_MART, LIYACHAN, MOHLAB_86, POWER_STORE98, PRINCE_N, REAF_59, SANDARU_E-MART, SERANDIB_CHOICE1992, SHAN1999-9, SHOP_FOR_LIFE_ELFE, SHOPI_MART, SPICE_TECH1, SPIROIA_208198, TC_KNIGHT, THISBUY, TOYMAX_20, TRAFFICZ, TUR68-STORE, USA*DEALS1, XUZHIJIESTORE-1, Z_AND_C-SHOP, ZINE8893 and ZONDZON-STORE,<br><br>*Defendants* | CIVIL ACTION No.<br>21-cv-5856 (LJL)<br><br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Defendants** | allstar_place, amgari66, at-benado, ayesmadusank_0, baby_home29, bardugo007, binara_onlinestore, bloomstore-24, busy-sales-4u, cenganmen663, chanizshop, cigoltfos_holding, city_ceylon, d_white_store, dinu_suppliers, dreamstore-3, ectrend984, eloukili_store, entershop1320, erangaonlinemart98, fenfatuqiang7788, gamagee-shop, hnia22, isuru2009, ketty_lavi, knickknack_mart, liyachan, mohlab_86, power_store98, prince_n, reaf_59, sandaru_e-mart, serandib_choice1992, shan1999-9, shop_for_life_elfe, shopi_mart, spice_tech1, spiroia_208198, tc_knight , thisbuy, toymax_20, trafficz, tur68-store, usa*deals1, xuzhijiestore-1, z_and_c-shop, zine8893 and zondzon-store | N/A |
| **Defaulting Defendants** | at-benado, ayesmadusank_0, baby_home29, binara_onlinestore, bloomstore-24, busy-sales-4u, cenganmen663, chanizshop, cigoltfos_holding, city_ceylon, d_white_store, dinu_suppliers, ectrend984, eloukili_store, entershop1320, erangaonlinemart98, fenfatuqiang7788, gamagee-shop, hnia22, isuru2009, knickknack_mart, liyachan, mohlab_86, power_store98, prince_n, sandaru_e-mart, serandib_choice1992, shan1999-9, shop_for_life_elfe, shopi_mart, spice_tech1, tc_knight, toymax_20, trafficz, usa*deals1, xuzhijiestore-1, z_and_c-shop, zine8893 and zondzon-store | N/A |
| **Jay At Play** | Jay At Play International Hong Kong Limited d/b/a Jay At Play | N/A |

| eBay | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
|---|---|---|
| **Sealing Order** | Order to Seal File entered on July 6, 2021 | 1 |
| **Complaint** | Plaintiff's Complaint filed on July 8, 2021 | 14 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July 8, 2021 | 20-23 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application | 20 |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application | 21 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on July 14, 2021 | 26 |
| **PI Show Cause Hearing** | September 2, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | October 14, 2021 Preliminary Injunction Order | 35 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, | N/A |

ii

| | | |
|---|---|---|
| | advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
| **Happy Nappers Marks** | U.S. Trademark Registration Nos.: 6,102,208 for "HAPPY NAPPERS" for goods in Class 20 and 24; and 3,998,335 for "HAPPY NAPPERS" for goods in Class 28 | N/A |
| **Happy Nappers Works** | U.S. Copyright Reg. Nos.: VA 2-227-806 covering Shak the Shark; VA 2-227-789 covering Arianna the White Unicorn; VA 2-227-807 covering Duncan the Dragon; VA 2-227-808 covering Lilly the Lady Bug; VA 2-227-810 covering Monique the Pink Unicorn; VA 2-227-816 covering Kodiak the Grey Husky; VA 2-227-818 covering Dusty the Yellow Dog; and VA 2-227-820 covering Charlotte the Pink Kitty | N/A |
| **Happy Nappers Products** | A soft plush pillow toy that when unzipped, expands into a comfy sleep sack | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Happy Nappers Marks and/or Happy Nappers Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Happy Nappers Marks and/or Happy Nappers Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works and/or products that are identical or confusingly or substantially similar to the Happy Nappers Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, | N/A |

| | | |
|---|---|---|
| | employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 3, 2022 | Dkts. 48-51 |
| **Second Motion for Default Judgment** | Plaintiff's Second Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on March 22, 2023 | TBD |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Second Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defendants' copyright infringement arising out of Defendants' unauthorized use of Happy Nappers Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1] Plaintiff has an exclusive license in the Happy Nappers Works, which it acquired from Jay At Play. Plaintiff represents that Jay At Play has declined to pursue an action against the Defendants for infringement of the Happy Nappers Works.

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiff's Second Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, and having heard counsel at a remote hearing on April 11, 2023, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Service of Defendants

1) ORDERED, ADJUDGED AND DECREED that Plaintiff has made a sufficient showing that it was unable to locate addresses for the Defaulting Defendants despite its reasonable diligence. The Hague Convention accordingly does not apply. *See Ctr. Way Co. Ltd. v. Ningbo Wolfthon Tech. Co.*, 2022 WL 19003380, at *1 (S.D.N.Y. Nov. 9, 2022). Plaintiff's alternative service of the Defaulting Defendants was proper and satisfied both the Federal Rules of Civil Procedure and constitutional due process. *Id.* at *1-2.

### II. Defendants' Liability

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

2) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff against the Defaulting Defendants as to the fifth cause of action pleaded in the Complaint (copyright infringement).

### III.   Damages Awards

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Copyright Act's prohibitions on copyright infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in its Motion for Default Judgment, the Court awards Plaintiff Fifty Thousand Dollars ($50,000.00) in statutory damages pursuant to 17 U.S.C. § 504(c) against those Defaulting Defendants who infringed three or more of Plaintiff's Happy Nappers Works — specifically: at-benado, ayesmadusank_0, baby_home29, bloomstore-24, busy-sales-4u, cenganmen663, chanizshop, cigoltfos_holding, city_ceylon, d_white_store, dinu_suppliers, eloukili_store, entershop1320, fenfatuqiang7788, hnia22, isuru2009, mohlab_86, power_store98, prince_n, sandaru_e-mart, serandib_choice1992, shan1999-9, shop_for_life_elfe, shopi_mart, spice_tech1, tc_knight, toymax_20, trafficz, xuzhijiestore-1, z_and_c-shop, and zine8893.  The Court awards Plaintiff Forty Thousand Dollars ($40,000.00) in statutory damages pursuant to 17 U.S.C. § 504(c) against those Defaulting Defendants who infringed two or more of Plaintiff's Happy Nappers Works—specifically, usa*deals1, knickknack_mart, ectrend984, and binara_onlinestore.  The Court awards Plaintiff Thirty Thousand Dollars ($30,000.00) in statutory damages pursuant to 17 U.S.C. § 504(c) against those Defaulting Defendants who infringed two or more of Plaintiff's Happy Nappers Works—specifically, erangaonlinemart98, gamagee-shop, liyachan, and zondzon-store.  *See McGraw Hill LLC v. Doe 1*, 2022 WL 2979721, at *5–6 (S.D.N.Y. July 26, 2022).  This results in a statutory damages award in the aggregate of One Million Eight Hundred Thirty

Thousand U.S. Dollars ($1,830,000.00) ("Defaulting Defendants' Collective Damages Award"), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

## IV.  Permanent Injunction

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad) who receive actual notice of this Order are permanently enjoined and restrained from:

   a. reproducing, copying, preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiff's Happy Nappers Works through their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products using the Happy Nappers Works that are substantially similar to, identical to and constitute an infringement of the Happy Nappers Works;

   b. directly or indirectly infringing in any manner Plaintiff's Happy Nappers Works;

   c. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Nappers Works to identify any goods or services not authorized by Plaintiff;

   d. using Plaintiff's Happy Nappers Works and/or any other artwork that is substantially similar to the Happy Nappers Works on or in connection with manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    e. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of (i) Counterfeit Products and/or(ii) any computer files, data, business records, documents or any other records or evidence relating to:

        i. Defendants' User Accounts and/or Merchant Storefronts;

        ii. Defendants' Assets; and

        iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    f. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

5) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's copyrights or other rights including, without limitation, the Happy Nappers Works, or bear any works that are substantially similar to the Happy Nappers Works;

6) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    i. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents

or other records or evidence relating to Defendants' Frozen Assets and Defendants' Financial Accounts;

ii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

## V.   Dissolution of Rule 62(a) Stay

7) IT IS FURTHER ORDERED, ADJOURNED AND DECREED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI.   Miscellaneous Relief

8) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizures of property.

9) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that the Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection to this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10166.

10) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __11__ day of __April__, 2023, at __12:39__ p.m.

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

4